FILED
2024 Jun-10  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **QUINTON DEAIRRE GARDNER,** | ] | |
| | ] | |
| **Movant,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 7:23-cv-8040-ACA** |
| | ] | |
| **UNITED STATES OF AMERICA** | ] | |
| | ] | |
| **Respondent.** | ] | |

## <u>MEMORANDUM OPINION</u>

Quinton Deairre Gardner moves, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, contending that (1) his conviction for being a felon in possession of a firearm is invalid because 18 U.S.C. § 922(g)(1) is unconstitutional ("Claim One"); (2) trial counsel was ineffective for failing to object to his sentence being enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("Claim Two"); (3) the court erred at sentencing by making a factual finding that Mr. Gardner's previous convictions were committed on occasions different from one another ("Claim Three"); and (4) counsel was ineffective at trial and on appeal for failing to object to the court making that factual finding ("Claim Four"). (Doc. 1 at 4, 6–7, 16–19). The court **WILL DENY** Mr. Gardner's § 2255 motion because

Claims One and Three are procedurally defaulted and Claims Two and Four are meritless. The court also **WILL DENY** Mr. Gardner a certificate of appealability.

## I.    BACKGROUND

A grand jury indicted Mr. Gardner for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 5-3). Mr. Gardner pleaded guilty without the benefit of a plea agreement. (*See* doc. 5-1 at 5).

The presentence investigation report indicated that the statutory maximum sentence was ten years' imprisonment and the advisory guidelines range was fifty-seven to seventy-one months' imprisonment. *United States v. Gardner*, no. 18-517, doc. 41 ¶¶ 65–66 (N.D. Ala. Sept. 10, 2020).[1] The government objected to the presentence investigation report's failure to find Mr. Gardner eligible for a sentence enhancement under the Armed Career Criminal Act, under 18 U.S.C. § 924(e), because he had four Alabama convictions for serious drug offenses. (Doc. 5-6 at 1–5). A conviction does not count as a "serious drug offense" under the Armed Career Criminal Act unless "a maximum term of imprisonment of ten years or more is prescribed by law" for that offense. 18 U.S.C. § 924(e)(2)(A). Mr. Gardner objected to counting two of the Alabama offenses as predicate offenses, arguing that because Alabama's presumptive sentencing guidelines for those offenses was thirteen to

---

[1] The court cites documents from Mr. Gardner's criminal proceeding as "*Gardner* doc. __."

thirty-two months' imprisonment, the maximum penalty for those offenses was not ten years or more. (Doc. 5-5; *see also* doc. 5-8 at 17–22, 32–35). Based on counsel's arguments at the first sentence hearing, the court recessed and ordered briefing. (Doc. 5-8 at 35; *see also* doc. 5-12).

At the second sentence hearing, the court, noting that the issue was a very close call, sustained the government's objection and overruled Mr. Gardner's objection. (Doc. 5-14 at 2–4). The court found that Mr. Gardner had four "separate and distinct" predicate offenses, qualifying him for a sentence enhancement under the Armed Career Criminal Act. (*Id.* at 4, 8–9). As a result, the mandatory minimum sentence and the advisory guidelines range became 180 months' imprisonment. (*Id.* at 4–5). The court sentenced Mr. Gardner to 180 months' imprisonment. (*Id.* at 10; doc. 5-15 at 2).

Mr. Gardner appealed, arguing that the three prior convictions did not count for enhancement under the Armed Career Criminal Act because under Alabama's sentencing regime, the maximum sentence available for those offenses was not ten years or more. (Doc. 5-16 at 7–8). In a published opinion, the Eleventh Circuit held, for the first time, that "the 'maximum term of imprisonment' for [Armed Career Criminal Act] purposes is the statutory maximum prison term for each drug offense," regardless of Alabama's presumptive sentencing standards. *United States v.*

*Gardner*, 34 F.4th 1283, 1288–89 (11th Cir. 2022). The Eleventh Circuit therefore affirmed Mr. Gardner's sentence. *Id.* at 1290.

## II.    DISCUSSION

Mr. Gardner makes four claims for relief: (1) his conviction for being a felon in possession of a firearm is invalid because 18 U.S.C. § 922(g)(1) is unconstitutional; (2) trial counsel was ineffective for failing to object to his sentence being enhanced under the Armed Career Criminal Act; (3) the court erred at sentencing by making a factual finding that Mr. Gardner's previous convictions were committed on occasions different from one another; and (4) counsel was ineffective at trial and on appeal for failing to object to the court making that factual finding. (Doc. 1 at 4, 6–7, 16–19). The government contends that two of these claims are procedurally defaulted and that all fail on the merits. (Doc. 5). The court will begin with the ineffective-assistance claims.

### 1.  Ineffective Assistance

To prevail on a claim of ineffective assistance of counsel, Mr. Gardner must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

4

Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### a. Claim Two

In Claim Two, Mr. Gardner contends that trial counsel was ineffective for failing to object to his sentence being enhanced under the Armed Career Criminal Act on the ground that the statute is unconstitutionally vague. (Doc. 1 at 17–18). He bases this claim on the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445, 448 (2019), which held that the "residual clause" of 18 U.S.C. § 924(c), which provides an enhanced sentence for defendants convicted of using a firearm in connection with a "crime of violence," was unconstitutional. (*Id.*).

Trial counsel was not ineffective for failing to object to the Armed Career Criminal Act as unconstitutionally vague. As an initial matter, *Davis* is inapposite because Mr. Gardner was not charged with or convicted of using a firearm in connection with a crime of violence and he did not have his sentence enhanced under § 924(c). (*See* doc. 5-3; doc. 5-15 at 1).

However, *Davis* involved an application of a vagueness analysis conducted in *Johnson v. United States*, 576 U.S. 591, 606 (2015), where the Supreme Court held that the Armed Career Criminal Act's "residual clause" was unconstitutionally

vague. *See Davis*, 588 U.S. at 451–55. Nevertheless, *Johnson* also does not establish that the Armed Career Criminal Act is unconstitutionally vague; it voided only the Act's "residual clause." *See Johnson*, 576 U.S. at 606. And Mr. Gardner's enhancement under the Armed Career Criminal Act did not involve the residual clause. (*See Gardner* doc. 41 ¶¶ 28–30). Accordingly, any objection to application of the Armed Career Criminal Act on voidness grounds would have been meritless, and an attorney's failure "to make a meritless objection does not constitute deficient performance." *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015). The court therefore **WILL DENY** Claim Two.

b. *Claim Four*

In Claim Four, Mr. Gardner contends that counsel was ineffective at trial and on appeal for failing to object to the court finding as a fact that he committed the predicate offenses on different occasions. (Doc. 1 at 18–19).

Trial counsel's failure to object was not ineffective assistance. Binding precedent in effect at the time of Mr. Gardner's sentence hearing foreclosed any argument that a jury needed to make the different-occasions finding. *United States v. Overstreet*, 713 F.3d 627, 635–36 (11th Cir. 2013). Accordingly, any objection to the court's factual finding would have been meritless, and an attorney's failure "to make a meritless objection does not constitute deficient performance." *Denson*, 804 F.3d at 1342. The court therefore **WILL DENY** Claim Four.

2.  Procedural Default

Claim One is that Mr. Gardner's conviction is invalid because § 922(g)(1) is unconstitutional. (Doc. 1 at 4, 16–17). Claim Three is that the court erred at sentencing by making a factual finding that Mr. Gardner committed his previous offenses on different occasions. (*Id.* at 18–19). The government contends that these claims are procedurally defaulted. (Doc. 5 at 7, 10).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). These claims were available during his direct appeal and are therefore procedurally defaulted. *See id.*

A § 2255 movant can avoid a procedural default in two ways: (1) by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error" or (2) if he is actually innocent. *Id.* (emphasis omitted). Construed liberally, Mr. Gardner contends that cause and prejudice excuses both defaults because appellate counsel ineffectively failed to raise these issues during his direct appeal. (*See* doc. 1 at 7, 19). The court rejects this contention.

Appellate counsel's failure to raise these arguments on direct appeal was not ineffective assistance because, at the time, binding Eleventh Circuit foreclosed both arguments. *Overstreet*, 713 F.3d at 635–36 (different-occasions inquiry); *United*

*States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010) (constitutionality of § 922(g)(1)). Instead of raising arguments foreclosed by binding precedent, counsel raised an issue of first impression that resulted in the Eleventh Circuit publishing an opinion that resolved the issue. *See generally Gardner*, 34 F.4th 1283. Counsel's failure to persuade the Eleventh Circuit to adopt his position does not make his performance deficient. *See Griffith*, 871 F.3d at 1329 (defining deficient performance). Accordingly, the court **WILL DENY** Claims One and Three as procedurally defaulted.

    3. <u>Motion for a Stay of Proceedings</u>

    In his reply brief, Mr. Gardner informally requests a stay of proceedings pending the Supreme Court's decisions in *Garland v. Range*, no. 23-374 and *Brown v. United States*, no. 22-6640. (Doc. 9 at 1–2). The *Range* case presents the question whether § 922(g)(1) complies with the Second Amendment, but the Supreme Court has not ruled on the petition for certiorari. In any event, because Mr. Gardner's claim is procedurally defaulted, a stay would provide no benefit to him or the court. The Supreme Court decided *Brown* in May 2024, holding that "a state drug conviction counts as an [Armed Career Criminal Act] predicate if it involved a drug on the federal schedules at the time of that offense." *Brown v. United States*, 144 S. Ct. 1195, 1210 (2024). Mr. Gardner has not presented any claim relating to the question addressed in *Brown*. The court therefore **DENIES** Mr. Gardner's request for a stay.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Gardner has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

### IV.   CONCLUSION

The court **WILL DENY** Mr. Gardner's § 2255 motion and **WILL DENY** him a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this June 10, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE